MORGAN, LEWIS & BOCKIUS LLP
Karen Y. Cho, Bar No. 274810
karen.cho@morganlewis.com
Anahi Cruz, Bar No. 324326
anahi.cruz@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501

Attorneys for Defendant
QUEST DIAGNOSTICS INCORPORATED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK TATE, an individual, | Case No. 2:26-cv-02156 |
| Plaintiff, | [Los Angeles County Superior Court Case No. 25STCV38418] |
| vs. | **DEFENDANT QUEST DIAGNOSTICS INCORPORATED'S NOTICE OF REMOVAL TO FEDERAL COURT** |
| QUEST DIAGNOSTICS INCORPORATED, a Delaware corporation; and DOES 1 through 50, Inclusive, | |
| Defendants. | **[28 U.S.C. §§ 1332, 1441, 1446]** |

**TO THE CLERK OF THE CENTRAL DISTRICT OF CALIFORNIA AND PLAINTIFF AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant Quest Diagnostics Incorporated ("Quest" or "Defendant"), by and through its counsel, removes the above-entitled action to this Court from the Superior Court of the State of California, County of Los Angeles, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. This removal is based on the following grounds:

**I.      PROCEDURAL BACKGROUND**

1.      On December 31, 2025, Plaintiff Derrick Tate ("Plaintiff") filed his Complaint in the Superior Court of the State of California, County of Los Angeles, Case No. 25STCV38418 (the "Superior Court Action").

2.      Quest was served with Plaintiff's Complaint and Summons via Notice and Acknowledgment of Receipt on February 3, 2026.[1]  Declaration of Anahi Cruz ("Cruz Decl."), ¶ 2.   A copy of Plaintiff's Complaint and Summons, as well as other case initiating documents, is attached as Exhibit A to the Declaration of Anahi Cruz, concurrently filed herewith.

3.      On February 27, 2026, Quest filed its Answer to Plaintiff's Complaint in the Superior Court Action, a true and correct copy of which is attached as Exhibit B to the Cruz Declaration.  Exhibits A-B constitute all of the pleadings, process, and orders in the Superior Court Action to Quest's knowledge to date.  *Id*. ¶ 3.

---

[1] Plaintiff provided the Notice and Acknowledgment of Receipt to Defendant on January 14, 2026. Defendant returned the signed Notice and Acknowledgment on February 3, 2026. California courts have consistently found that service of a summons by Notice and Acknowledgement of Receipt is not complete until the acknowledgment is signed and returned to sender in accordance with Cal. Code Civ. Proc. § 415.30. *Angelina & Katherine Garden, LLC v. United States Liab. Ins. Co.*, 2025 WL 2852229, at *2 (C.D. Cal. Oct. 7, 2025); *see also, Harper v. Little Caesar Enters., Inc.*, 2018 WL 5984841, at *2 (C.D. Cal. Nov. 14, 2018) (holding that the date of execution of the notice and acknowledgment of receipt triggers the 30-day removal period); *Langston v. 20/20 Companies, Inc.*, 2014 WL 5335734, at *2 (C.D. Cal. Oct. 17, 2014) (same); *Snow v. AT&T Corp.*, 2005 WL 1798399, at *2 (N.D. Cal. July 27, 2005) (same).

4.      Plaintiff alleges the following causes of action: (1) race discrimination in violation of FEHA; (2) disability discrimination in violation of FEHA; (3) failure to provide reasonable accommodations in violation of FEHA; (4) failure to engage in the good faith interactive process; (5) retaliation in violation of FEHA; (6) failure to prevent discrimination, harassment, or retaliation; (7) retaliation in violation of Labor Code § 1102.5; (8) wrongful termination in violation of public policy; and (9) failure to timely pay final wages.  Cruz Decl., Ex. A, ¶¶ 1-150.

## II.      REMOVAL IS TIMELY

5.      Quest was served with the Summons and Complaint effective on February 3, 2026.  Cruz Decl., ¶ 2.  Because this Notice of Removal is filed within thirty days of service of the Summons and Complaint, it is timely under 28 U.S.C §§ 1446(b).  No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

## III.     VENUE IS PROPER

6.      This action was originally filed in the Superior Court for the County of Los Angeles.  Initial venue is therefore proper in this district, pursuant to 28 U.S.C. § 1441(a), because it encompasses the county in which the state court action is pending.

## IV.      DIVERSITY JURISDICTION EXISTS

7.      This is a civil action over which this Court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Removal to this Court is proper because the action involves citizens of different states and the amount in controversy exceeds $75,000.  28 U.S.C. §§ 1441(a), (b).

### A.      Complete Diversity of Citizenship Exists Between the Parties

8.      A federal court has diversity jurisdiction only if all plaintiffs are diverse from all defendants, 28 U.S.C. § 1332(a), and no defendant is a citizen of the same state in which the action was brought. 28 U.S.C. § 1441(b)(2).  Here, both

requirements are met because Plaintiff is a citizen of California and Quest is a citizen of Delaware and New Jersey.

### 1.    Plaintiff Is a Citizen of California

9.    "An individual is a citizen of the state in which he is domiciled…" *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)).  For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed.  *Lew v. Moss*, 797 F. 2d 747, 750 (9th Cir. 1986).  Evidence of continuing residence creates a presumption of domicile. *Washington v. Havensa LLC*, 654 F.3d 340, 345 (3rd Cir. 2011).

10.    The Complaint alleges that "[a]t all times relevant [in the Complaint], Plaintiff was a resident of the County of Los Angeles, California."  Cruz Decl., Ex. A ¶ 11.  *See State Farm Mut. Auto. Ins. Co. v. Dyer,* 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"), *citing, Lew*, 797 F.2d at 751.  Thus, Plaintiff was domiciled in the State of California, and is therefore a citizen of California for purposes of diversity jurisdiction in this matter.

### 2.    Defendant Is A Citizen of Delaware and New Jersey

11.    For diversity purposes, a corporation is deemed to be a citizen of any state in which it has been incorporated and of any state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).  The "principal place of business" for the purpose of determining diversity subject matter jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities . . . [I]n practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office

where the corporation holds its board meetings . . ." *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

12.     Quest is a corporation organized under the laws of the State of Delaware with its principal place of business in the State of New Jersey.  The majority of Quest's executive and administrative functions are performed, and the majority of Quest's executive and administrative officers are located, in the State of New Jersey.  As a result, Quest is now, and was at the time of the filing of this action, a citizen of the States of Delaware and New Jersey within the meaning of the statutes governing removal.

### 3.     Doe Defendants

13.     Plaintiff also names Doe defendants numbers 1 to 100.  The citizenship of "Doe" defendants is to be disregarded for purposes of removal.  28 U.S.C. § 1441(b)(1); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) (holding disregarding the citizenship of defendants sued under fictitious names for removal); *see also Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002).  Thus, the inclusion of "Doe" defendants in Plaintiff's Complaint has no effect on Nordstrom's ability to remove.

14.     Because Plaintiff is a citizen of California and Defendant is a citizen of Delaware and New Jersey, complete diversity of citizenship exists between the parties.

### B.     The Complaint Places at Least $75,000 In Controversy

15.     Federal district courts have original jurisdiction of civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).  The amount in controversy is determined from the allegations of the Complaint.  *Campbell v. Vitran Express, Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012). "[I]n assessing the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'"  Id.

(citing *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)).

16.    In determining whether the jurisdictional minimum is met, courts consider all recoverable damages, including emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347-48 (1977) (superseded on other grounds); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1155-56 (9th Cir. 1998).

17.    Removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the amount in controversy exceed $75,000, exclusive of interest and costs. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996); *Guas v. Miles, Inc.*, 980 F. 2d 564, 567 (9th Cir. 1992).

18.    Quest denies that it has committed the alleged wrongdoing or that Plaintiff is entitled to any relief.  However, for purposes of removal only, it is readily apparent that the amount "in controversy" is in excess of the jurisdictional minimum of $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332.2

### 1.    Plaintiff's Alleged Entitlement to Lost Earnings Places Well over $75,000  in Controversy.

19.    Plaintiff alleges that Quest wrongfully terminated his employment on January 5, 2024.  Cruz Decl., Ex. A, ¶ 138.  Plaintiff further alleges that as a result of Quest's conduct, he has "sustained substantial losses in earnings and other employment benefits." *Id.*, ¶ 142.

---

2 Quest maintains that each of Plaintiff's claims is without merit and that Quest is not liable to Plaintiff.  Nothing in this removal notice shall constitute an admission of liability or a suggestion that Plaintiff is entitled to any relief. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendant's] liability." *Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

20. Lost earnings are included in the amount in controversy calculation. *See Sasso v. Noble Utah Long Beach, LLC*, 2015 WL 898468, at *4 (C.D. Cal. March 3, 2015) (denying motion for remand by calculating plaintiff's lost wages based on regular annual salary earnings); *Melendez v. HMS Host Family Rest., Inc.*, 2011 WL 3760058, at *2 (C.D. Cal. Aug. 25, 2011) (including projected lost wages from alleged adverse employment action to anticipated date of judgment in amount in controversy calculation); *Rivera v. Costco Wholesale Corp.*, 2008 WL 2740399, at *3 (N.D. Cal. July 11, 2008) (considering "lost wages and benefits [that] may accrue" after removal). Projecting a plaintiff's anticipated lost wages over a one-year period—from the filing of the Complaint to the expected date of judgment, for example—has been deemed reasonable. *See, e.g., Melendez*, 2011 WL 3760058, at *2; *Rivera*, 2008 WL 2740399, at *1, 3.

21. As of January 5, 2024, when Plaintiff's employment with Quest ended, Plaintiff was a full-time employee with an hourly rate of pay of $29.50. Cruz Decl. ¶ 4; Cruz Decl., Ex. A, ¶ 17. Based on this rate of pay, Plaintiff's full-time earning capacity was approximately $1,180 per week for his base hourly wages, not including overtime or shift differentials. *Id*. There are approximately 164 weeks from Plaintiff's separation from Quest on January 5, 2024 to one year after removal (approximately February 27, 2027). Thus, Plaintiff's estimated weekly rate of pay for regular wages—not including overtime—of $1,180 multiplied by 164 weeks equals $193,520 in regular hourly pay. Therefore, the Complaint places in controversy alleged lost earnings in the amount of $191,160 from the date of Plaintiff's alleged wrongful termination to one-year after removal.

### 2. Punitive Damages and Emotional Distress.

22. Plaintiff seeks punitive damages (Cruz Decl. Ex. A, ¶¶ 42, 55, 70, 86, 98, 112, 122, 133, 144, 150, & Prayer for Relief), which the Court must also consider as part of the amount in controversy when determining diversity jurisdiction. *Gibson*, 261 F.3d at 945 ("It is well established that punitive damages

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF REMOVAL

are part of the amount in controversy in a civil action."); *see Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002) (considering punitive damages towards amount in controversy in FEHA case); *Avila v. Kiewit Corp.*, 2019 WL 4729641, at *1, 4-5 (C.D. Cal. Sep. 26, 2019) (considering punitive damages in determining amount in controversy in case alleging disability discrimination, failure to accommodate, failure to engage in the interactive process, and retaliation claims under FEHA).

23.     Plaintiff also asserts damages for emotional distress in an unspecified amount.  Specifically, Plaintiff alleges his emotional distress damages include "humiliation, emotional distress, and pain and anguish[.]"  Cruz Decl., Ex. A, ¶¶ 41, 54, 69, 85, 97, 111, 121, 143.)  Emotional distress damages also are included in the amount in controversy.  *Cain v. Hartford Life & Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012); *Simmons*, 209 F. Supp. 2d at 1031-35 (holding that plaintiff's damages claim, including lost wages, medical expenses, emotional distress and attorneys' fees, was enough to put the amount in controversy above $75,000).

24.     Furthermore, plaintiffs alleging emotional distress and punitive damages as a result of wrongful termination regularly seek in excess of $75,000 for such damages.  *E.g.*, *Martin v. Arrow Elecs.*, No. SACV041134 (C.D. Cal. June 29, 2006) (awarding over $300,000 non-economic damages in a disability discrimination and wrongful termination case); *Keiffer v. Bechtel Corp.*, 65 Cal. App. 4th 893, 895 (1998) (California Court of Appeal upheld jury award of $225,000 for emotional distress damages and $800,000 in punitive damages in a single-plaintiff case alleging age discrimination under FEHA); *Ko v. The Square Grp. L.L.C.*, JVR No. 1503030036, 2014 WL 8108413 (Los Angeles County Superior Court Case No. BC487739, June 16, 2014) (jury awarded the plaintiff $125,000 for emotional distress and $500,000 in punitive damages in case alleging disability discrimination, failure to accommodate, failure to engage in the

interactive process, retaliation, and other claims under FEHA); *Lave v. Charter Commc'ns, LLC*, 35 Trials Digest 20th 2, 2017 WL 3712924 (Riverside County Superior Court Case No. RIC-15-08865, May 19, 2017) (awarding plaintiff $575,000 in past non-economic losses where plaintiff alleged claims for retaliation in violation of the CFRA, disability discrimination, wrongful termination, and intentional infliction of emotional distress); *Peacock v. Quest Diagnostics*, 27 Trials Digest 14th 10 (2010), 2010 WL 6806990 (C.D. Cal. Case No. 09-cv-09206) (awarding plaintiff alleging claims for violation of the CFRA, disability discrimination, failure to provide reasonable accommodations and engage in the interactive process, and retaliatory termination damages in the amount of $229,638, of which $150,000 was allocated to past non-economic damages).  Accordingly, $80,000 is a conservative estimate of the total additional amounts Plaintiff's alleged entitlement to punitive damages (estimated amount-in-controversy of $40,000) and emotional distress damages (estimated amount-in-controversy of $40,000) places in controversy.

### 3. Plaintiff's Claim for Attorneys' Fees Further Causes This Case to Meet the Amount in Controversy Requirement

25. Plaintiff also seeks to recover an unspecified amount of attorneys' fees.  Cruz Decl., Ex. A, ¶¶ 43, 56, 71, 87, 99, 113, 123, 134, and Prayer for Relief. The Ninth Circuit held that where an award of attorneys' fees is authorized by statute, a court "must" recognize these fees in the amount in controversy.  *See, e.g., Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("Because the law entitles [the plaintiff] to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy."); *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648-49 (9th Cir. 2016)) ("The amount in controversy may include 'damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes.'").

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

9                                              NOTICE OF REMOVAL

26.    The amount of attorneys' fees placed in controversy is the total amount of fees that will likely accrue during the course of litigation. *Lippold v. Godiva Chocolatier, Inc.*, 2010 WL 1526441, at *3–4 (N.D. Cal. Apr. 15, 2010) ("a reasonable estimate of attorneys' fees likely to be expended" should be included in calculating the amount in controversy).

27.    Plaintiff's First through Ninth Causes of Action authorize attorneys' fees. *See* Gov. Code section 12965(c); Labor Code section 1102.5(j). Moreover, Plaintiff's attorneys' fees are not limited to the amount incurred as of the time of removal. In *Simmons*, for example, the court held that "[attorneys' fees] necessarily accrue until the action is resolved," such that "the Ninth Circuit [in *Galt*, *supra*] must have anticipated that district courts would project fees beyond removal." 209 F. Supp. 2d at 1034-35. As such, the *Simmons* court held that the "measure of [attorneys'] fees should be the amount that can reasonably be anticipated at the time of removal, not merely those already incurred." *Id*. at 1035. Likewise, this District Court has recognized that "when authorized by an underlying statute, the better view is to consider post-removal attorneys' fees because they are part of the total 'amount at stake.'" *See Sasso*, 2015 WL 898468, at *5. Therefore, while Plaintiff seeks an unspecified amount of attorneys' fees, such fees must be considered part of the amount in controversy. Courts have estimated attorneys' fees in employment cases using figures of 100 to 300 hours at a conservative rate of $300 per hour. *See Garcia v. ACE Cash Express, Inc.*, 2014 WL 2468344, at *5 (C.D. Cal. May 30, 2014); *Sasso*, 2015 WL 898468, at *6 ("This Court and others have held that a reasonable rate for employment cases is $300 per hour [for attorneys' fees]."); *see also Khraibut v. Chahal*, 2021 WL 1164940, at *24 (N.D. Cal. Mar. 26, 2021) (concluding 1049.31 hours "spent up until the motion for default judgment was filed . . . [were] reasonable" in employment case alleging FEHA claims); *Polee v. Cent. Contra Costa Transit Auth.*, 516 F. Supp. 3d 993, 1003 (N.D. Cal. 2021) (granting attorney fees for "337.8 hours claimed at an hourly rate of $850" in case

including FEHA claims); *Newton v. Equilon Enters., LLC*, 411 F. Supp. 3d 856, 879 (N.D. Cal. 2019) (finding "the hours requested to be fair and reasonable" where plaintiff sought to recover "1797.25 hours of billable attorney and paralegal time" in FEHA case). Conservatively assuming that Plaintiff's counsel charges $300 per hour, attorneys' fees would total $75,000 after 250 hours of work. Even using the most conservative figure of 100 hours at $300 per hour, Plaintiff's alleged entitlement to attorneys' fees places in controversy at least $30,000.

### 4. Summary of Amount in Controversy.

28. While Quest denies any and all liability to Plaintiff, based on a conservative and good faith estimate of the value of the alleged damages in this action, the amount in controversy in this case far exceeds $75,000, exclusive of interests and costs. Based on the conservative estimates detailed above, the Complaint places in controversy at least the following:

| Category of Alleged Damages | Amount Placed in Controversy |
|---|---|
| Lost wages from the end of Plaintiff's employment through one year after removal | $193,520 |
| Emotional Distress Damages and Punitive Damages | $80,000 |
| Attorneys' Fees (100 hours of work at $300 per hour) | $30,000 |
| **Total** | **$303,520** |

29. These calculations do not include several additional categories of damages that Plaintiff explicitly seeks, such as future earnings, medical and related expenses, interest, and penalties. Cruz Decl., Ex. A, Prayer for Relief. Accordingly, the amount in controversy substantially exceeds the jurisdictional threshold set forth in 28 U.S.C. section 1332(a).

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF REMOVAL

## V. THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

30. Quest will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

## VI. CONCLUSION

31. Based on the foregoing, Quest requests that this action be removed to this Court. If any question arises as to the propriety of the removal of this action, Quest respectfully requests the opportunity to present a brief and oral argument in support of their position that this case is subject to removal.

Dated: February 27, 2026

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Anahi Cruz*
Karen Y. Cho
Anahi Cruz

Attorneys for Defendant
QUEST DIAGNOSTICS INCORPORATED

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF REMOVAL